**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CORY BURGESS** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | **CASE NO. 4:21-cv-1954** |
| **COLE ABA SOLUTIONS, INC.** | § | |
| | § | |
| *Defendant* | § | |
| | § | |
| | § | |

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND BRIEF IN SUPPORT

G. Mark Jodon
Texas State Bar No. 10669400
Joseph (Jay) R. Buller III
Texas State Bar No. 24110784
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400
713.951.9212 (Fax)
mjodon@littler.com
jbuller@littler.com

ATTORNEYS FOR COLE ABA SOLUTIONS, INC.

## <u>TABLE OF CONTENTS</u>

I. FACTUAL BACKGROUND .................................................................................1

II.  ARGUMENT & AUTHORITIES ........................................................................3

    **A.**    **Applicable Law.** ....................................................................................3

    **B.**    **Burgess's Claims Against Cole ABA Solutions are Subject to Binding Arbitration.** ...................................................4

    **1.**    **Agreement to Arbitrate Burgess's Dispute.** .......................................4

    a.    A valid agreement exists between the Parties. .......................................5

    b.    Burgess's claims fall within the scope of the ADR Plan. ......................6

    i.    The scope of the ADR Plan encompasses the claims in Plaintiff's Original Complaint...........................................................................................6

    ii.    Burgess agreed to arbitrate challenges to the ADR Plan. ....................7

    2.    Burgess's Claims are Arbitrable. .........................................................8

    **C.**    **Arbitration Should be Compelled and the Case Dismissed.** ...................................................................................9

III.  CONCLUSION ...................................................................................................10

4836-7314-7888.2 / 110962-1002

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alford v. Dean Witter Reynolds, Inc.*,
  975 F.2d 1161 (5th Cir. 1992) ....................................................................3, 9

*Antonio Leonard TNT Productions, LLC v. Goossen-Tutor Promotions, LLC*,
  47 F. Supp. 3d 500 (S.D. Tex. 2014).................................................................5

*Arnold v. Homeaway, Inc.*,
  890 F.3d 546 (5th Cir. 2018) ...........................................................................7

*AT&T Techs., Inc. v. Commc'n Workers*,
  475 U.S. 643 (1986) ........................................................................................7

*Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L. L.C.*,
  782 F.3d 186 (5th Cir. 2015) ...........................................................................4

*Cantella & Co., Inc. v. Goodwin*,
  924 S.W.2d 943 (Tex. 1996)...............................................................8, 9, 10

*Celaya v. Am. Pinnacle Mgmt. Servs., LLC*,
  Civ. Action No. 3:13-CV-1096-D, 2013 WL 4603165 (N.D. Tex. Aug. 29,
  2013)..............................................................................................................6

*Cielo Prop. Grp., LLC v. Mulcahy*,
  No. 03-18-00587-CV, 2019 WL 3023312 (Tex. App.—Austin, July 11, 2019,
  pet. denied)............................................................................................4, 6, 7

*Circuit City Stores v. Adams*,
  532 U.S. 105 (2001) ....................................................................................3, 8

*In re Dallas Peterbilt, Ltd., L.L.P.*,
  196 S.W.3d 161 (Tex. 2006).............................................................................5

*Dealer Com. Serv. v. Old Colony Motors*,
  588 F.3d 884 (5th Cir. 2009) ...........................................................................4

*Eastus v. ISS Facility Servs.*,
  960 F.3d 207 (5th Cir. 2020) ...........................................................................8

*Epic Sys. Corp. v. Lewis*,
  —U.S.—, 138 S. Ct. 1612 (2018)......................................................................8

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995) ....................................................................................5, 7

iii

*Fleetwood Enterprises, Inc. v. Gaskamp*,
   280 F.3d 1069 (5th Cir. 2002) ....................................................................5

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) ...............................................................................3, 8

*In re Dallas Peterbilt, Ltd., L.L.P.*,
   196 S.W.3d 161, 162 (Tex. 2006) ..............................................................5

*In re Halliburton Co.*,
   80 S.W.3d 566 (Tex. 2002) .......................................................................5

*In re J.D. Edwards World Solutions Co.*,
   87 S.W.3d 546 (Tex. 2002) ..................................................................9, 10

*Kubala v. Supreme Prod. Servs., Inc.*,
   830 F.3d 199 (5th Cir. 2016) .....................................................................7

*Miller v. Public Storage Mgmt., Inc.*,
   121 F.3d 215 (5th Cir. 1997) .....................................................................8

*Minn. Mining & Mfg. Co. v. Nishika Ltd.*,
   953 S.W.2d 733 (Tex. 1997) ......................................................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) .................................................................................3, 7

*Pers. Sec. & Safety Sys. Inc. v. Motorola Inc.*,
   297 F.3d 388 (5th Cir. 2002) .....................................................................4

*Primerica Life Ins. Co. v. Brown*,
   304 F.3d 469 (5th Cir. 2002) .....................................................................8

*R.M. Perez & Assocs., Inc. v. Welch*,
   960 F.2d 534 (5th Cir. 1992) .....................................................................4

*Rent- a-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63 (2010) ...................................................................................7

*Rojas v. TK Commc'ns, Inc.*,
   87 F.3d 745 (5th Cir. 1996) .......................................................................8

*Sea-Land Serv., Inc. v. Sea-Land P.R., Inc.*,
   636 F. Supp. 750 (D.P.R. 1986) .................................................................9

*Stewart v. PMG Auto Sales k/b/a Atkinson Toyota South Dallas*, No. 3:17-cv-
   1261-K ......................................................................................4, 6, 7, 10

iv

*Washington Mut. Fin. Group, LLC v. Bailey*,
    364 F.3d 260 (5th Cir. 2004) ...................................................................5

*Weber v. PACT XPP Tech., AG*,
    811 F.3d 758 (5th Cir. 2016) ...................................................................5

*Will-Drill Res., Inc. v. Samson Res. Co.*,
    352 F.3d 211 (5th Cir. 2003) ...................................................................4

*Williams v. Cigna Fin. Advisors, Inc.*,
    56 F.3d 656 (5th Cir. 1995) .....................................................................8

**Statutes**

42 U.S.C. § 1981 ............................................................................................2

42 U.S.C. § 2000e *et seq.* ...............................................................................1

42 U.S.C. § 12101 *et seq.* ...............................................................................1

Age Discrimination in Employment Act..........................................................2

Americans with Disabilities Act ...............................................................2, 7

Americans with Disabilities Act of 1990 ........................................................1

Civil Rights Act of 1964 Title VII............................................................1, 2

Civil Rights Act of 1991 .................................................................................2

Employee Retirement Income Security Act .....................................................2

FAA.............................................................................................................3, 8

Fair Labor Standards Act ................................................................................2

Family and Medical Leave Act........................................................................2

Federal Arbitration Act ...................................................................................3

Rehabilitation Act ...........................................................................................2

Tex. Lab. Code § 21.001, *et seq.* ...................................................................1

Texas Labor Code Title 2 ................................................................................1

Title VII....................................................................................................1, 3, 7

4836-7314-7888.2 / 110962-1002

**Other Authorities**

Restatement (Second) of Conflict of Laws § 188........................................................................5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CORY BURGESS** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | **CASE NO. 4:21-cv-1954** |
| **COLE ABA SOLUTIONS, INC.** | § | |
| | § | |
| *Defendant* | § | |
| | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY
PROCEEDINGS AND COMPEL ARBITRATION AND BRIEF IN SUPPORT**

Defendant Cole ABA Solutions, Inc. ("Cole ABA Solutions" or "Defendant") files this Motion to Dismiss, or in the Alternative, Stay Proceedings and Compel Arbitration and Brief in Support.

**I.**
**FACTUAL BACKGROUND**

Plaintiff Cory Burgess ("Burgess") asserts several claims against Cole ABA Solutions: gender discrimination, disability discrimination, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"); Title 2 of the Texas Labor Code, Tex. Lab. Code § 21.001, *et seq*. ("TCHRA"); the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA").  (*See* Dkt. 1).

During his employment with Cole ABA Solutions, Burgess was jointly employed by both Cole ABA Solutions and G&A Outsourcing II, LLC d/b/a G&A Partners ("G&A").  (*See* Ex. A, Plaintiff's Signed Employment Agreement at 1).  G&A is a licensed professional employer organization, which performs certain human resources functions for its client, Cole ABA

1

Solutions, including payroll processing and benefits administration of joint employees, such as Burgess. (*See id.*)  As a condition of Burgess's employment, Burgess agreed to the terms of an Employment Agreement ("Agreement"). (*Id.*)  Pursuant to the Agreement, Burgess agreed to use G&A's Alternate Dispute Resolution Plan – Mediation and Arbitration Policy ("ADR Plan") to resolve all disputes between Cole ABA Solutions and him:

> **Dispute Resolution**.  To the fullest extent permitted by law, **all disputes** between you and G&A or **between you and all Clients** to which you are assigned shall be resolved in accordance with the G&A Alternative Dispute Resolution Plan, a copy of which will be provided to you upon your request.  You may receive a copy of the Alternate Dispute Resolution Plan at any time by calling 1-866-497-4222.  HOWEVER, YOU SHALL HAVE NO RIGHT OR AUTHORITY TO HAVE ANY DISPUTE BROUGHT, HEARD, OR ARBITRATED AS A CLASS ACTION, COLLECTIVE ACTION, PRIVATE ATTORNEY GENERAL ACTION, OR IN REPRESENTATIVE CAPACITY ON BEHALF OF ANY PERSON NOR SHALL YOU HAVE ANY RIGHT OR AUTHORITY TO JOIN SUCH ACTION.  FURTHERMORE, THE ARBITRATOR SHALL HAVE NO RIGHT TO CERTIFY, CONSOLIDATE, OR COLLECTIVELY ARBITRATE MULTIPLE INDEPENDENT CLAIMS, UNLESS OTHERWISE PROHIBITED BY LAW.

(*Id.* at 2) (emphasis added).  The ADR Plan reiterates its applicability to all disputes between Burgess and Cole ABA Solutions, including employment discrimination claims:

> 7.    **The Company's Mediation and Arbitration Policy covers any and all legal or equitable claims** that the Employee may assert against the Company, including but not limited to the following types of claims: tort claims including but not limited to negligence and gross negligence claims, contract claims, claims for wages and benefits, claims **arising pursuant to any federal, state** or local **law, discrimination** and retaliation **under Title VII of the Civil Rights Act of 1964, as amended, claims under the Civil Rights Act of 1991**, claims under 42 U.S.C. § 1981, claims under the Age Discrimination in Employment Act, **claims under the Americans with Disabilities Act,** claims under the Fair Labor Standards Act, claims under the Employee Retirement Income Security Act, claims under the Family and Medical Leave Act, claims under the Rehabilitation Act, retaliation claims under applicable state workers' compensation laws, **sexual harassment**, defamation, intentional infliction of emotional distress, and disputes arising out of or relating to the interpretation or application of this Policy. . . .

2

.

(Ex. B, Alternate Dispute Resolution Plan – Mediation and Arbitration Policy at ¶ 7) (emphasis added).   The ADR Plan also notified Burgess that his beginning and continuing his joint employment with G&A and Cole ABA Solutions would constitute consent to be bound:

> 14.    Employment or continued employment after the effective date of the Company's Mediation and Arbitration Policy constitutes consent by the Employee to be bound by this Policy, both during the employment and after termination of employment.

(*Id.* at ¶ 14).

Burgess accepted the Agreement and agreed to the terms of the ADR Plan twice: first, when he signed the Agreement on June 17, 2019; and second, when he began and continued his joint employment with Cole ABA Solutions and G&A.  (*See* Ex. A at 3).

## II.
## ARGUMENT & AUTHORITIES

**A.**    <u>**Applicable Law.**</u>

The ADR Plan falls within the scope of the Federal Arbitration Act ("FAA").  *See Circuit City Stores v. Adams*, 532 U.S. 105, 119 (2001) (holding that the FAA applies to employment arbitration agreements, other than seamen's and transportation workers' agreements); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1165 (5th Cir. 1992) (finding Title VII claims subject to arbitration provision contained in securities registration application).  The FAA establishes a strong federal presumption in favor of arbitration.  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991).  Thus, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

3

B.      **Burgess's Claims Against Cole ABA Solutions are Subject to Binding Arbitration**.

Federal courts engage in a two-step inquiry in determining whether to compel arbitration. *Dealer Com. Serv. v. Old Colony Motors*, 588 F.3d 884, 886 (5th Cir. 2009) (citing *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)).   "First, the court must determine whether the parties agreed to arbitrate the dispute." *Will-Drill Res., Inc. v.*, 352 F.3d at 214 (quoting *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992)).   Next, the court "must consider whether any federal statute or policy renders the claims non-arbitrable." *Id.*   Here, the Agreement and ADR Plan comprise an enforceable arbitration agreement that encompasses the claims asserted by Burgess, and courts in Texas have enforced similar versions of the ADR Plan on behalf of G&A's clients. *See Stewart v. PMG Auto Sales k/b/a Atkinson Toyota South Dallas*, No. 3:17-cv-1261-K, Dkt. 33, at *24 (N.D. Tex. May 18, 2018) (enforcing prior version of G&A's ADR Plan to compel arbitration because "[t]here is nothing before the Court to prove the Employment Agreement is invalid or that Plaintiff's claims are outside its scope"); *see also Cielo Prop. Grp., LLC v. Mulcahy*, No. 03-18-00587-CV, 2019 WL 3023312, at *1 (Tex. App.—Austin, July 11, 2019, pet. denied) (reversing district court and ruling that, based on the same agreement, "all of [plaintiff's] claims in this action must be arbitrated and the district court should have granted the motion to compel arbitration").

1.      **Agreement to Arbitrate Burgess's Dispute.**

"To determine whether the parties have agreed to arbitrate this claim, we ask '(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L. L.C.*, 782 F.3d 186, 196-97 (5th Cir. 2015) (quoting *Pers. Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002)).   Here, the answer to both questions is "yes."

4

a.    A valid agreement exists between the Parties.

In determining whether a valid arbitration agreement exists, courts apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Antonio Leonard TNT Productions, LLC v. Goossen-Tutor Promotions, LLC*, 47 F. Supp. 3d 500, 514 n.4 (S.D. Tex. 2014) (citing *Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004)).   Texas law applies in this case because Texas is the "state with the most significant relationship to the arbitration clause." *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 n.4 (5th Cir. 2002); *see also Minn. Mining & Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 735 (Tex. 1997) (Texas law applies where Texas has the "most significant relationship to the transactions and the parties.").   Here, the parties negotiated and entered into the Agreement in Texas [Dkt. 1 at ¶¶ 6-7]; the Agreement was performed in Texas because Burgess was employed in Texas [*Id.*]; Burgess is a Texas citizen [*Id.* at ¶ 1]; and Cole ABA Solutions is incorporated under Texas law and headquartered in Texas [*Id.* at ¶ 2].   Accordingly, Texas contract law governs application of the arbitration clause.   *See Weber v. PACT XPP Tech., AG*, 811 F.3d 758, 771-72 (5th Cir. 2016).[1]

Under Texas law, an arbitration agreement exits between an employer and employee agreement if the employee has received notice of the employer's arbitration policy and accepted it.   *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006) (holding that by signing an acknowledgement form and accepting employment, an employee accepted an arbitration agreement); *In re Halliburton Co.*, 80 S.W.3d 566, 568-69 (Tex. 2002) (holding that an

---

[1] In identifying the state with "the most significant relationship," the court must consider: "(1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation[,] and place of business of the parties." Restatement (Second) of Conflict of Laws § 188; *Weber*, 811 F.3d at 771-72.

4836-7314-7888.2 / 110962-1002

employer's summary was unequivocal notice of its arbitration policy, despite employee's claims that he did not read the summary given to him).

Here, Burgess received actual notice of the ADR Plan because the parties explicitly incorporated it into the Agreement.  (*See* Ex. A at 2).  He accepted the ADR Plan, first, when he e-signed the Agreement on June 17, 2019 [Ex. A at 3] and, second, when he began (and continued) his employment with Cole ABA Solutions and G&A.  *See Stewart*, No. 3:17-cv-1261-K, Dkt. 33, at *14 ("The record in this case establishes Plaintiff was presented with and signed the Employment Agreement containing the arbitration provision and, then, he continued working for Defendant."); *Celaya v. Am. Pinnacle Mgmt. Servs., LLC*, Civ. Action No. 3:13-CV-1096-D, 2013 WL 4603165, at *3 (N.D. Tex. Aug. 29, 2013) ("when a signed arbitration agreement incorporates an unsigned writing by reference, the unsigned writing is enforceable as part of the agreement so long as the contract signed by the [party] plainly refers to [the other] writing") (internal quotations omitted).  Accordingly, a binding contract to arbitrate employment-related disputes exists between Burgess on the one hand and Cole ABA Solutions and G&A on the other.  S*ee Mulcahy*, 2019 WL 3023312, at *1; *Stewart*, No. 3:17-cv-1261-K, Dkt. 33, at *24.

          b.    <u>Burgess's claims fall within the scope of the ADR Plan.</u>

                *i.*    *The scope of the ADR Plan encompasses the claims in Plaintiff's Original Complaint.*

The ADR Plan expressly applies to all claims that Burgess may assert against Cole ABA Solutions:

> The Company's Mediation and Arbitration Policy covers any and all legal or equitable claims that the Employee may assert against the Company…

(Ex. B at ¶ 7).  The Agreement is equally clear:

> To the fullest extent permitted by law, all disputes between you and G&A

> or between you and all Clients to which you are assigned shall be resolved
> in accordance with the G&A Alternative Dispute Resolution Plan…

(Ex. A. at 2).   Burgess's claims fall within this broad scope.   (*See* Dkt. 1, Counts I – IV). Moreover, to avoid any possible confusion, the ADR Plan explicitly lists the following types of claims: (1) "arising pursuant to any federal, state, or local law"; (2) "discrimination"; (3) "arising under Title VII" or "the Americans with Disabilities Act"; and (4) "sexual harassment."   (Ex. B at ¶ 7).   Thus, the ADR Plan plainly encompasses Burgess's claims, which are for gender discrimination, disability discrimination, and hostile work environment.   *See Stewart*, No. 3:17-cv-1261-K, Dkt. 33, at *3 (compelling arbitration of employment discrimination claims based on nearly identical provision); *Mulcahy*, 2019 WL 3023312, at *1 (same).

> ii.      *Burgess agreed to arbitrate challenges to the ADR Plan.*

Further, the ADR Plan expressly encompasses any challenge to plan's applicability or dispute about the meaning of the plan:

> The Company's Mediation and Arbitration Policy covers . . . disputes
> arising out of or relating to the interpretation or application of this Policy.

(Ex. B at ¶ 7).   Federal courts will enforce parties' submission of "arbitrability" disputes to arbitrators.   *First Options*, 514 U.S. at 944 ("The question who has the primary power to decide arbitrability turns upon what the parties agreed about that matter.") (citing *AT&T Techs., Inc. v. Commc'n Workers*, 475 U.S. 643, 649 (1986)) (internal quotations omitted).   Parties must exhibit "clear and unmistakable" intent to delegate arbitrability to the arbitrator.   *See Arnold v. Homeaway, Inc.*, 890 F.3d 546, 552 (5th Cir. 2018).   A provision meets this standard when it delegates to the arbitrator questions related to the "existence, applicability, scope, enforceability, construction, validity and interpretation" of the arbitration agreement.   *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 204 (5th Cir. 2016) (citing *Rent- a-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 66 (2010)); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-

7

25 (1983) (FAA requires any doubts regarding the arbitrability of the claims at issue be resolved in favor of arbitration).

Here, Burgess and Cole ABA Solutions/G&A clearly and unmistakably delegated to the arbitrator the authority to decide whether the ADR Plan is applicable and enforceable by expressly stating so in the agreement.  (*See* Ex. B at ¶ 7).  To the extent Burgess seeks to challenge the applicability of the ADR Plan, he must submit that argument to the arbitrator.

> **2.     Burgess's Claims are Arbitrable.**

Because the parties in this case agreed to arbitrate their disputes, this Court must now consider whether any federal statute or policy renders the dispute non-arbitrable.  *See Epic Sys. Corp. v. Lewis*, —U.S.—, 138 S. Ct. 1612, 1624 (2018); *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).  A claim is subject to arbitration unless Congress intended to preclude the parties from waiving their judicial remedies.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995).  Federal courts routinely find arbitration agreements in employment-related disputes valid and enforceable.  *See e.g. Epic Sys. Corp.*, 138 S. Ct. at 1624 (compelling of arbitration of employee wage-and-hour claims and finding no applicable "clear and manifest congressional command to displace the Arbitration Act…"; *Circuit City Stores v. Adams*, 532 U.S. 105, 123 (2001); *Eastus v. ISS Facility Servs.*, 960 F.3d 207, 208 (5th Cir. 2020) (enforcing arbitration agreement of "employment-discrimination and retaliation claims "); *Miller v. Public Storage Mgmt., Inc.*, 121 F.3d 215, 217-18 (5th Cir. 1997); *Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 747-48 (5th Cir. 1996).  Because Burgess cannot show that his claims are unsuitable for arbitration under federal statute or public policy, arbitration is mandatory.  *See Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996).

8

**C.      Arbitration Should be Compelled and the Case Dismissed.**

When faced with an enforceable arbitration clause in an employment agreement or other document, courts are required to compel arbitration.  *See In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex. 2002) (stating that "[i]f the arbitration agreement encompasses the claim at issue and there are no defenses to enforcement of the arbitration agreement itself, the trial court has no discretion but to compel arbitration"); *see also Goodwin*, 924 S.W.2d at 944 (same).  Because a valid arbitration agreement exists and encompasses Burgess's claims, the only proper relief is to compel arbitration.  *See J.D. Edwards*, 87 S.W.3d at 549.

When a court determines that all of plaintiff's claims are subject to arbitration, the lawsuit should be dismissed.  *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.").  As the Fifth Circuit explained in *Alford:*

> [a]lthough we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration.  Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.  Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Id.* (quoting *Sea-Land Serv., Inc. v. Sea-Land P.R., Inc.*, 636 F. Supp. 750, 757 (D.P.R. 1986)).  As noted above, each of Burgess's claims is subject to binding arbitration under the ADR Plan.  Accordingly, the Court's retention of jurisdiction during the pendency of arbitration would serve no purpose, and dismissal is an appropriate remedy.  *Id.*

Alternatively, if the Court does not dismiss the present action, it should stay proceedings and refer the matter to arbitration.  *See J.D. Edwards*, 87 S.W.3d at 549; *Goodwin*, 924 S.W.2d at 944; *Stewart*, No. 3:17-cv-1261-K, Dkt. 33, at *3.

## III.
## CONCLUSION

Defendant requests that this Court dismiss this case or, in the alternative, stay the proceedings and compel Burgess to submit his claims to arbitration.

Dated: August 12, 2021                    Respectfully submitted,


/s/ G. Mark Jodon
_____
G. Mark Jodon
Texas State Bar No. 10669400
Joseph (Jay) R. Buller III
Texas State Bar No. 24110784
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400
713.951.9212 (Fax)
mjodon@littler.com
jbuller@littler.com

ATTORNEYS FOR COLE ABA
SOLUTIONS, INC.

10

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 29, 2021, I conferred in good faith with Plaintiff's counsel, Alfonso Kennard and Eddie Hodges, regarding this Motion and the relief requested herein. Counsel for Plaintiff stated that opposition to this Motion.

/ s/ G. Mark Jodon
G. Mark Jodon

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system as follows:

Alfonso Kennard
Eddie Hodges, Jr.
Kennard Law, P.C.
5120 Woodway Dr., Ste 10010
Houston, Texas 77056

ATTORNEYS FOR PLAINTIFF

/s/ G. Mark Jodon
G. Mark Jodon

11

4836-7314-7888.2 / 110962-1002