United States District Court
Southern District of Texas
**ENTERED**
September 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORY BURGESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1954 |
| | § | |
| COLE ABA SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cory Burgess ("Plaintiff") asserts claims against defendant Cole ABA Solutions, Inc. ("Defendant") for gender discrimination, disability discrimination, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); Title 2 of the Texas Labor Code, Tex. Lab. Code § 21.001, et seq.; and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.[1]  Pending before the court is Defendant's Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration and Brief in Support ("Defendant's Motion to Compel") (Docket Entry No. 4).  For the reasons explained below, Defendant's Motion to Compel will be granted.

---

[1]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 7-10 ¶¶ 22-40.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

## I. Factual and Procedural Background

Plaintiff was jointly employed by Defendant and G&A Outsourcing II, LLC d/b/a G&A Partners ("G&A").[2] G&A is a licensed professional employer organization, which performs certain human resources functions for Defendant, including payroll processing and benefits administration of joint employees like Plaintiff.[3] The Agreement required Plaintiff to use G&A's Alternate Dispute Resolution Plan - Mediation and Arbitration Policy ("ADR Plan")[4] to resolve all disputes between Plaintiff and Defendant:

> **Dispute Resolution.** To the fullest extent permitted by law, all disputes between you and G&A or between you and all Clients to which you are assigned shall be resolved in accordance with the G&A Alternate Dispute Resolution Plan, a copy of which will be provided to you upon your request.

Agreement, Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 3.

The ADR Plan reiterates its applicability to all disputes between Plaintiff and Defendant, including employment discrimination claims:

> 7. The Company's Mediation and Arbitration Policy covers any and all legal or equitable claims that the Employee may assert against the Company, including but not limited to . . . claims arising pursuant to any federal, state or local law, discrimination and retaliation under Title VII of

---

[2]Employment Agreement ("Agreement"), Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 2.

[3]See id. at 2-3.

[4]ADR Plan, Exhibit B to Defendant's Motion to Compel, Docket Entry No. 4-2.

> the Civil Rights Act of 1964, as amended, . . . claims under the Americans With Disabilities Act . . . retaliation claims under applicable state workers' compensation laws, sexual harassment, defamation, intentional infliction of emotional distress, and disputes arising out of or relating to the interpretation or application of this Policy . . . .

ADR Plan, Exhibit B to Defendant's Motion to Compel, Docket Entry No. 4-2, p. 3 ¶ 7.

The ADR Plan also explains that Plaintiff's employment with G&A and Defendant would constitute consent to be bound by the Mediation and Arbitration Policy:

> 14. Employment or continued employment after the effective date of the Company's Mediation and Arbitration Policy constitutes consent by the Employee to be bound by this Policy, both during the employment and after termination of employment.

Id. at 4 ¶ 14.

Plaintiff signed the Agreement on June 17, 2019,[5] when he began working for Defendant as the Clinic Supervisor at Defendant's location in Cypress, Texas.[6]

Plaintiff states that he became romantically involved with a subordinate employee at the Cypress location.[7] Plaintiff moved to Defendant's Spring, Texas, location on March 2, 2020.[8] Plaintiff alleges that Defendant's leadership disclosed his romantic

---

[5]Agreement, Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 3.

[6]Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶ 6.

[7]Id. at 3 ¶ 8.

[8]Id. at 2 ¶ 7.

relationship to staff at the Spring location, that the staff did not approve of the relationship, and that he felt "that the environment was becoming hostile."[9] Plaintiff alleges that he was excluded from meetings, that his supervisor would take more time than expected to respond to his emails and texts,[10] that he was "slandered" and subjected to "discriminatory remarks" by employees at the Spring location,[11] that he was unfairly blamed for the termination of a female employee,[12] that he was "the only employee to be written up for having late notes" though other employees turned their notes in late,[13] and that he was unfairly written up for failing to timely enter hours into the billing system.[14]

Plaintiff states that on November 9, 2020, he was involved in an automobile accident that injured his neck and that he filed for emergency medical leave as a result.[15] Plaintiff alleges that he was fired on March 26, 2021, while he was still on medical leave.[16]

---

[9] Id. at 4 ¶ 11.

[10] Id.

[11] Id. ¶ 12.

[12] Id. at 4-5 ¶ 14.

[13] Id. at 6 ¶ 17.

[14] Id. ¶ 18.

[15] Id. at 7 ¶ 20.

[16] Id.

Plaintiff filed his Original Complaint on June 15, 2021.[17] Defendant filed Defendant's Motion to Compel on August 12, 2021.[18] Plaintiff filed a response on September 1, 2021,[19] and Defendant replied on September 8, 2021.[20]

## II.  Legal Standard

In enacting the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., Congress "expressed a strong policy favoring arbitration before litigation, and the courts are bound to take notice of this broad policy as well as specific statutory provisions in dealing with arbitration clauses in contracts." J.S. & H. Construction Co. v. Richmond County Hospital Authority, 473 F.2d 212, 214-215 (5th Cir. 1973).  The FAA provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Section 4 of the FAA permits a party to seek an

---

[17] Plaintiff's Original Complaint, Docket Entry No. 1.

[18] Defendant's Motion to Compel, Docket Entry No. 4.

[19] Plaintiff's Response in Opposition of Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint ("Plaintiff's Response"), Docket Entry No. 6.

[20] Defendant's Reply in Support of its Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration ("Defendant's Reply"), Docket Entry No. 7.

order compelling arbitration if the other party has failed to arbitrate under a written agreement. 9 U.S.C. § 4. "The party resisting arbitration bears the burden of showing that he is entitled to a jury trial under § 4 of the Arbitration Act." Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1154 (5th Cir. 1992) (internal quotations and citation omitted).

Courts apply a two-step inquiry when ruling on a motion to compel arbitration. Edwards v. Doordash, Inc., 888 F.3d 738, 743 (5th Cir. 2018) (citing Klein v. Nabors Drilling USA L.P., 710 F.3d 234, 236 (5th Cir. 2013)). "First, the court asks whether there is a valid agreement to arbitrate and, second, whether the current dispute falls within the scope of a valid agreement." Id.

"Determining whether there is a valid arbitration agreement is a question of state contract law and is for the court." Huckaba v. Ref-Chem, L.P., 892 F.3d 686, 688 (5th Cir. 2018) (citing Kubala v. Supreme Production Services, Inc., 830 F.3d 199, 202 (5th Cir. 2016)). "[T]he party moving to compel arbitration must show that the agreement meets all of the requisite contract elements." Id. The movant must only prove the existence of an agreement by a preponderance of the evidence. Grant v. Houser, 469 F. App'x 310, 315 (5th Cir. 2012).

"[I]n step two of the analysis, determining the scope of a valid arbitration agreement . . . we apply the federal policy and resolve ambiguities in favor of arbitration." Klein, 710 F.3d at 237 (internal citation omitted). "[W]hen a court interprets []

-6-

provisions in an agreement covered by the FAA, 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'" Mastrobuono v. Shearson Lehman Hutton, Inc., 115 S. Ct. 1212, 1218 (1995) (quoting Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 109 S. Ct. 1248, 1254 (1989)).

### III. Analysis

Plaintiff does not dispute that he signed the Agreement, which by its terms includes the ADR Plan. Nor does Plaintiff dispute that his claims fall within the scope of the ADR Plan. Because Plaintiff's claims are for gender and disability discrimination[21] and the ADR Plan expressly encompasses gender and disability discrimination claims,[22] the court concludes that Plaintiff's claims are within the scope of the ADR Plan. Plaintiff raises two arguments in response to Defendant's Motion to Compel: (1) the arbitration agreement is invalid for lack of consideration;[23] and (2) Defendant cannot enforce the ADR Plan Mediation and Arbitration Policy because Defendant is not a party to it.[24]

---

[21] Plaintiff's Original Complaint, Docket Entry No. 1, pp. 7-10 ¶¶ 22-40.

[22] ADR Plan, Exhibit B to Defendant's Motion to Compel, Docket Entry No. 4-2, p. 3 ¶ 7.

[23] Plaintiff's Response, Docket Entry No. 6, p. 3 ¶ 8.

[24] Id. ¶ 7.

**A.  The Agreement Is Valid and Supported by Adequate Consideration**

Plaintiff argues that the Agreement "fails for lack of consideration" because "[t]here is no evidence that . . . G&A compensated Plaintiff for signing the agreement; or effectuated some sort of bargain-in-exchange to Plaintiff prior to signing the G&A agreement."[25]

Because the parties do not dispute the existence of the Agreement, Plaintiff bears the burden of proving that the Agreement is not valid. See Carter v. Countrywide Credit Industries, Inc., 362 F.3d 294, 297 (5th Cir. 2004) ("[A] party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity. . . . [I]ndividuals seeking to avoid the enforcement of an arbitration agreement face a high bar.").

An offer of at-will employment is valid consideration under Texas contract law. Hadnot v. Bay, Ltd., 344 F.3d 474, 477-78 (5th Cir. 2003) (citing In re Halliburton Co., 80 S.W.3d 566, 569 (Tex. 2002)). Moreover, "[m]utual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement." In re 24R, Inc., 324 S.W.3d 564, 566 (Tex. 2010) (citing In re U.S. Home Corp., 236 S.W.3d 761, 764 (Tex. 2007)).

The Agreement provided Plaintiff with an offer of at-will employment.[26]  This offer constitutes valid consideration.  See

---

[25]Id. ¶ 8.

[26]Agreement, Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 2 ("Your employment with both G&A and Client is entirely at-will, unless otherwise prohibited by law.").

Hadnot, 344 F.3d at 477-78. The Agreement also provided that "all disputes between you and G&A or between you and all Clients to which you are assigned shall be resolved in accordance with the G&A Alternate Dispute Resolution Plan . . . ."[27] The ADR Plan contains a mutual promise to arbitrate claims: "[m]ediation and binding arbitration shall be the exclusive methods by which the parties may assert claims covered by this Policy against each other."[28] This is sufficient consideration to support an arbitration agreement. See 24R, Inc., 324 S.W.3d at 566.

### B. Defendant Is Entitled to Demand Arbitration

Plaintiff argues that Defendant cannot demand arbitration because "the G&A Agreement is limited to the employment relationship between [Plaintiff] and G&A Partners"[29] and "[Defendant] was not a signatory to the G&A Agreement . . . and the agreement makes clear that it is independent of any agreements with other parties."[30] The court is not persuaded by this argument.

Although Plaintiff implies that Defendant is not the "Client" referred to in the Agreement,[31] that argument lacks merit in light

---

[27] Id. at 3.

[28] ADR Plan, Exhibit B to Defendant's Motion to Compel, Docket Entry No. 4-2, p. 3 ¶ 9.

[29] Plaintiff's Response, Docket Entry No. 6, p. 3 ¶ 7.

[30] Id. at 4 ¶ 9.

[31] See id. ¶ 8 (stating that Defendant "is not named as a Client, or even a signatory on the G&A Agreement"); and ¶ 10 (referring to an "absence of proof as to whether Defendant Cole ABA Solutions is a client of G&A").

of the terms of the Agreement and Plaintiff's own admissions and allegations. Pursuant to its terms, the Agreement governed the relationship between Plaintiff and both of his co-employers, G&A and "the Client."[32] Plaintiff admits he signed the Agreement on June 17, 2019.[33] The Agreement states that Plaintiff would be co-employed by G&A and the "Client."[34] Plaintiff also alleged in his Original Complaint that Defendant became his employer on June 17, 2019.[35] The court therefore concludes that Defendant may enforce the Agreement because Defendant is the "Client" referred to in the Agreement.[36]

The Agreement provides that Defendant is "co-employer and also third party beneficiary of this Agreement."[37] In the Fifth Circuit

---

[32] See Agreement, Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 2 ("You are co-employed by [G&A] and Client to perform services for Client. . . . No agreement that imposes conditions of employment or employment termination different from those of this Agreement will be valid unless it is in a writing signed by the President or Vice President of G&A.").

[33] See Plaintiff's Response, Docket Entry No. 6, p. 3 ¶ 8 (arguing that there is no evidence that G&A "compensated Plaintiff for signing the agreement"); see also Agreement, Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 3 (showing Plaintiff's signature and the date at the bottom of the page).

[34] Agreement, Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 2.

[35] Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶ 6.

[36] This conclusion is corroborated by the two declarations that Defendant submitted along with its Reply. See Declaration of Amaury Colon, Exhibit 1 to Defendant's Reply, Docket Entry No. 7-1, p. 3 ¶ 7 ("Cole ABA Solutions is the 'Client' referenced in the Employment Agreement."); Declaration of Jason Stark, Exhibit 2 to Defendant's Reply, Docket Entry No. 7-2, p. 2 ¶ 5 (same).

[37] Agreement, Exhibit A to Defendant's Motion to Compel, Docket Entry No. 4-1, p. 2.

non-signatories may enforce arbitration provisions if they were intended third-party beneficiaries of the agreement in question. See Bridas S.A.P.I.C. v. Turkmenistan, 345 F.3d 347, 356 (5th Cir. 2003) (listing "third-party beneficiary" as one of six theories recognized for binding a non-signatory to an arbitration agreement). The court therefore concludes that Defendant may also enforce the terms of the Agreement as a third-party beneficiary.

**C. The Court Will Dismiss the Action**

When all parties in an action are bound by an agreement to arbitrate, the court has discretion to dismiss the action. Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). Because Plaintiff's claims must be submitted to arbitration, "retaining jurisdiction and staying the action will serve no purpose." See id. Accordingly, the court will dismiss this action without prejudice.

**IV. Conclusion and Order**

For the reasons explained above, Defendant's Motion to Compel (Docket Entry No. 4) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 21st day of September, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE